O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIVE STAR GOURMET FOODS, INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>READY PAC FOODS, INC., a Delaware Corporation, READY PAC PRODUCE, INC., a California Corporation, and DOES 1-10, INCLUSIVE,<br><br>          Defendants. | Case No.  2:18-cv-2436-DDP (KKx)<br><br>**ORDER GRANTING IN PART, DENYING IN PART, PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION TO STAY, OR IN THE ALTERNATIVE DISMISS, CLAIMS REGARDING D6, INC. PRODUCTS**<br><br>[Dkts. 71, 76] |

Presently before the court are Plaintiff Five Star Gourmet Foods, Inc. ("Five Star")'s Motion for Leave to File Third Amended Complaint, (Dkt. 71), and Defendants Ready Pac Foods, Inc. and Ready Pac Produce, Inc. (collectively, "Ready Pac")'s Motion to Stay, or in the alternative, Dismiss Claims Regarding D6 Inc. Products, (Dkt. 76). Having considered the submissions of the parties, the court grants Five Star's Motion in part, denies in part, and grants Ready Pac's Motion in part, denies in part, and adopts the following order.

## I. BACKGROUND

The court assumes the parties' familiarity with the background of this case which has been recounted in the court's prior order. (Dkt. 25.) As relevant here, on November 19, 2018, Five Star initiated this action against Ready Pac. On December 28, 2018, Five Star filed a First Amended Complaint. (Dkt. 16.) Five Star asserted claims for design patent infringement, trade dress infringement, and violation of California's Unfair Competition Law ("UCL") for the alleged infringement of U.S. Patent No. D769,732, entitled "Container and Overwrap Assembly" ("'732 Patent") ("Overwrap Dispute"). (FAC ¶ 17, Exh. A.)

On January 17, 2020, Five Star filed an unopposed Motion for Leave to File a Second Amended Complaint. (Dkt. 54.) According to Five Star, Ready Pac's "new packaging"—unrelated to the '732 patent and overwrap at issue in the First Amended Complaint—gave rise to new causes of action and amending the complaint would be more efficient for the parties than filing a new cause of action. (*See id.*) The proposed Second Amended Complaint would add new claims of patent infringement for U.S. Patent No. D698,665 for "ornamental design for a tray" ("'665 Patent") and U.S. Patent No. D698,666 for "Bowl and Tray Assembly Unit" ("'666 Patent"), trade dress infringement, and violation of California's UCL, (collectively, "D6 Premium Salad Bowl Dispute"). (Dkt. 54-2, Proposed SAC ¶ 3.) The proposed Second Amended Complaint would not add any new parties to the action. (*See id.*) On January 22, 2020, the court granted Five Star's unopposed motion. (Dkt. 59.) On February 4, 2020, Five Star filed the Second Amended Complaint. (Dkt. 62.) On February 18, 2020, Ready Pac filed an answer and amended counterclaims. (Dkt. 68.)

Five Star presently moves to file a Third Amended Complaint. (Dkt. 71, Mot. to file TAC.) Five Star seeks to add two additional parties related to the new claims in the Second Amended Complaint: (1) a new plaintiff, Direct Pack, Inc. ("Direct Pack"), an entity who is co-owner of the '665 and '666 patents; and (2) a new defendant, D6, Inc.

2

("D6"), "the manufacturer of the packaging for Ready Pac that infringes upon the '665 and '666 patents and Five Star's trade dress." (Dkt. 71-6, Proposed Third Amended Compl. ¶¶ 2, 5.) Five Star contends that it moved promptly for amendment and that there would be no prejudice to Ready Pac. Five Star argues that Direct Pack is necessary as a plaintiff because it is co-owner to the '665 and '666 patents. Further, Ready Pac states that because D6 has "unequivocally expressed a desire to be part of this proceeding . . . Five Star is more than content to include D6 as a defendant . . ." (Mot. to file TAC at 6:9-13.)

Ready Pac opposes Five Star's Motion for Leave to file a Third Amended Complaint and moves to stay, or in the alternative, dismiss claims regarding D6 products in this action. (Dkt. 72, Opp. to Mot. to file TAC; Dkt. 76, Mot. to Stay.) Ready Pac argues that D6, the manufacturer of the accused products, and Ready Pac, as D6's customer, have already filed a declaratory judgment action in the Northern District of California regarding the D6 Premium Salad Dispute ("Northern District Action"). D6 and Ready Pac filed the Northern District Action on January 29, 2020. In the Northern District Action, D6 seeks a declaration of non-infringement, and/or invalidity of the '665 and '666 patents and a declaration that D6's products, as supplied to and as re-sold by Ready Pac, do not infringe on Five Star's trade dress rights or constitute unfair competition. (Dkt. 71-3, Arledge Decl., Exh. A.)

Ready Pac argues as follows: (1) D6's action in the Northern District is a manufacturer suit, and, under the "customer suit" exception to the first to file rule, the manufacturer suit must take precedence over the customer suit claims asserted in the Second Amended Complaint; (2) amendment to add D6 would be futile because D6 is not subject to venue in this district under 28 U.S.C. § 1400; and (3) amendment would be prejudicial to Ready Pac and D6. (*See* Opp. to Mot. to file TAC; Mot. to Stay.) Based on these arguments, Ready Pac also seeks to stay claims related to the D6 Premium Salad Dispute pending the resolution of the Northern District Action.

3

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be granted with "extreme liberality" in order "to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Despite the liberal standard of Federal Rule of Civil Procedure 15(a), leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). District courts consider the following factors when determining whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A district court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). However, the district court must weigh competing interests when considering a stay, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)).

## III. DISCUSSION

### *1. Leave to Amend*

Five Star seeks leave to amend to add Direct Pack, co-owner of the '665 and '666 patents. Ready Pac does not dispute that Five Star lacks standing to proceed on its claims

4

related to the '665 and '666 patents unless Direct Pack is joined as a plaintiff. *STC.UNM v. Intel Corp.*, 754 F.3d 940, 944 (Fed. Cir. 2014) ("This court has long applied the rule that a patent co-owner seeking to maintain an infringement suit must join all other coowners."). Because Ready Pac did not oppose, and indeed agreed to Five Star's Second Amended Complaint which added the new claims based on the '665 and '666 patents, the court rejects Ready Pac's arguments of undue delay and prejudice. The court notes that Five Star should have added Direct Pack in the first instance, however, the court concludes that the error was not due to bad faith, and that there is no prejudice to Ready Pac in adding a necessary party to claims it has agreed to litigate in this proceeding. Accordingly, amendment to name Direct Pack as a plaintiff is appropriate.

Five Star also seeks to amend to name D6 as a defendant for the D6 Premium Salad Dispute claims.[1] Ready Pac argues that amendment would be futile because D6 is not subject to venue in this district pursuant to 28 U.S.C. § 1400(b). "The patent venue statute, 28 U.S.C. § 1400(b), provides that '[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.'" *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017). Under the first prong, a defendant "resides" where it is incorporated. *Id.* at 1520. Under the second prong, a "regular and established place of business" requires (1) "a physical place in the district"; (2) the place "must be a regular and established place of business"; and (3) "the regular and established place of business must be the place of the defendant." *In re Cray*

---

[1] It is unclear whether Five Star wishes to proceed with its request to amend to add D6 as a defendant. Specifically, on Reply, Five Star states that it "does not care" whether D6 is included in this action. (Reply at 7:20.) Five Star also represents that it would not challenge a motion to dismiss by D6. (Reply at 7:13-14 "Five Star will not oppose D6's venue challenge, and D6 can be dismissed without prejudice.") Nevertheless, for completeness, the court addresses the motion to amend to name D6 as a defendant.

5

*Inc.*, 871 F.3d 1355, 1362-64 (Fed. Cir. 2017) (internal quotation marks and citation omitted).

The evidence on this issue demonstrates, and Five Star does not dispute, that D6 is not subject to venue in this district under Section 1400. D6 is incorporated in Oregon and has its principal place of business in Portland, Oregon. (Dkt. 75, Dominion Decl. ¶¶ 2-3; Exh. 1 to Dominion Decl.) Further, D6 does not have any physical presence in this district. Accordingly, D6 is not subject to venue under the first or second prong of Section 1400. Five Star argues that venue under Section 1400 should be deemed waived based on D6's declaratory relief action in the Northern District of California, however, Five Star cites to no authority supporting this proposition. Section 1400 "is specific and unambiguous; it is not one of those vague principles which, in the interests of some overriding policy, is to be given a liberal construction . . . ." *In re Cray*, 871 F.3d 1355, 1361 (Fed. Cir. 2017) (quoting *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961)). The court declines to find a waiver of Section 1400's venue requirement.

The court concludes that amendment to name co-owner Direct Pack is appropriate. The court also concludes that amendment to name D6 as a defendant would be futile.

### *2. Staying the D6 Premium Salad Dispute Claims*

The core of the parties' dispute is whether the "customer suit" exception applies as to the D6 Premium Salad Dispute. Five Star argues that the exception does not apply because (1) "Ready Pac is not a mere re-seller of a manufacturer's goods," "D6's packaging, absent Ready Pac's product, is irrelevant," and "Ready Pac is the real defendant"; and (2) the "customer-suit exception does not aid efficiency or judicial economy[,] the practical effect of D6's argument is to split a single lawsuit into two different lawsuits . . . ." (Dkt. 78, Reply at 4-5.)

In patent cases, "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or

patent invalidity, the suit by the manufacturer generally take[s] precedence." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). This doctrine is known as the "customer suit" exception to the "first-to-file" rule. *See id.* The customer suit exception "avoids, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Id.* "The doctrine is largely based on the premise that the manufacturer has a presumed greater interest than does a customer in defending its products against charges of patent infringement, so that the manufacturer should be permitted to prosecute its declaratory judgment action elsewhere to protect itself and its clients." *Sillage LLC v. Kenrose Perfumes Inc.*, No. 8:14-CV-02043-CAS, 2015 WL 3649605, at *5 (C.D. Cal. June 9, 2015).

Where the customer suit exception applies, district courts will "stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011); *see also, e.g., Upaid Sys., Ltd. v. CleanDan*, No. SACV1800619ABSSX, 2018 WL 5279567, at *2 (C.D. Cal. July 25, 2018); *WP Banquet, LLC v. Lowe's Companies, Inc.*, No. 216CV02137CASGJSX, 2016 WL 4472933 (C.D. Cal. Aug. 24, 2016); *Sillage*, 2015 WL 3649605. Although the doctrine is generally applied to a later filed suit by the manufacturer, "the logic underlying the customer-suit exception applies with equal force to later-filed suits against retailers . . . where there is an earlier-filed declaratory judgment action involving the allegedly-offending product's manufacturer." *WP Banquet*, 2016 WL 4472933, at *3 (emphasis omitted). "[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy . . . ." *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006).

Here, the parties agree that D6 is the manufacturer of the allegedly infringing products. The parties also appear to agree that Ready Pac is D6's customer and that Ready Pac did not design or otherwise participate in the manufacturing of the allegedly infringing products. Five Star contends, however, that absent Ready Pac's salad, the

7

bowl and the tray are irrelevant. (Reply at 4-5.) It appears that Five Star's argument is, in essence, that the D6's bowl and tray, together with the food contents packaged by Ready Pac, are the basis for its infringement claims. Notably, the patents Five Star seeks to protect, the '665 patent and the '666 patent, only encompass the *ornamental* design of the bowl and tray—the patents at issue certainly do not encompass the contents of the bowl and tray. Five Star's patent infringement claims are *only* as to the plastic bowl and tray components that D6 exclusively designs and manufactures, and later supplies to Ready Pac. (*See* SAC; Proposed TAC.) Accordingly, D6 is the upstream manufacturer and Ready Pac is the downstream customer. The D6 Premium Salad Bowl claims fall squarely within the definition of a "customer suit."

Next, D6 filed a declaratory relief action in the Northern District against Five Star and Direct Pack, wherein D6 seeks a declaration that its accused bowl and tray, the same bowl and tray in this action, do not infringe on the '665 and '666 patents. As the manufacturer, D6 is best positioned to protect the interests of its customers and defend the allegations against its accused products. D6 is the entity with the presumed greater interest and the entity most knowledgeable about the design and manufacture of the accused products. *See Upaid*, 2018 WL 5279567, at *3 ("[s]econd-hand entities like retailers or distributors ... [would] not have substantive knowledge about the patent infringement, which would begin at the design and manufacture stages."). The court also notes that Ready Pac, the customer-defendant in this case, is also a plaintiff in the Northern District Action. As such, Ready Pac will be bound by the result of the Northern District Action.

The court is not persuaded that staying this action would result in any prejudice to Five Star. Five Star contends that it will be prejudiced because the "practical effect" of a stay is to "split a single lawsuit into two different lawsuits, where two different courts and two different juries will be burdened, . . . and where no trier-of-fact will be able to decide all of the interconnected issues." (Opp. to Mot. to Stay at 4:14-18.) Five Star has

8

not identified any plausible connection between the '732 patent in the Overwrap Dispute and the '665 and '665 patents in the D6 Premium Salad Dispute. The allegedly infringing products in each are different and were designed and manufactured by different entities. Nothing in this order shall preclude Five Star from seeking to introduce evidence of an alleged pattern and practice by Ready Pac of violating Five Star's intellectual property.

The court concludes that the D6 Premium Salad Bowl claims in this action fall within the customer suit exception and should be stayed in the interest of efficiency and judicial economy pending the resolution of the manufacturer suit in the Northern District.

### III. CONCLUSION

The court grants Five Star leave to amend to file a Third Amended Complaint naming Direct Pack as a plaintiff and denies leave to amend to name D6 as a defendant. The Third Amended Complaint must be filed within fourteen days from the date of this order.

The court further orders the claims related to the D6 Premium Salad Dispute stayed until the Northern District Court Action has concluded.

**IT IS SO ORDERED.**

Dated: September 8, 2020

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

9